**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| FRANCISCO ALBERTO HERRERA, | : | |
| | : | |
| Petitioner, | : | Civ. No. 16-0300 (KM) |
| | : | |
| v. | : | |
| | : | |
| LORETTA E. LYNCH, et al., | : | **OPINION** |
| | : | |
| Respondents. | : | |

**KEVIN MCNULTY, U.S.D.J.**

**I.    INTRODUCTION**

Petitioner, Francisco Alberto Herrera, is an immigration detainee currently housed at the Essex County Correctional Facility in Newark, New Jersey. He is proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Herrera challenges his current immigration detention and requests that he be released from immigration detention. For the following reasons, Mr. Herrera's habeas petition will be summarily dismissed.

**II.    BACKGROUND**

Mr. Herrera has been in pre-removal immigration detention pursuant to 8 U.S.C. 1226(c) since March 3, 2015. Previously, in January, 2015, he pled guilty to possession with intent to distribute cocaine. Mr. Herrera filed his federal habeas petition in this Court in January, 2016. He states that an Immigration Judge ("IJ") denied his request for bond on March 24, 2015, and again on September 23, 2015. He seeks his release from immigration detention claiming that his due process rights have been violated as a result of this lengthy immigration detention.

**III.    LEGAL STANDARD: *SUA SPONTE* DISMISSAL**

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of
> habeas corpus shall forthwith award the writ or issue an order
> directing the respondent to show cause why the writ should not be
> granted, unless it appears from the application that the applicant or
> person detained is not entitled thereto.

"[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears

from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to

relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## IV.   DISCUSSION

The Attorney General has the authority to detain aliens in removal proceedings before the

issuance of a final order of removal, or during the "pre-removal" period. Detention of an alien

before an order of removal has been entered is governed by Section 1226 of Title 8 of the United

States Code. Section 1226(a) permits the Attorney General to detain or release an alien pending a

decision on whether the alien is to be removed from the United States:

> On a warrant issued by the Attorney General, an alien may be
> arrested and detained pending a decision on whether the alien is to
> be removed from the United States. Except as provided in
> subsection (c) of this section and pending such decision, the
> Attorney General—
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and
> containing conditions prescribed by, the Attorney General;
> (B) conditional parole; ...

8 U.S.C. § 1226(a). "Except as provided in subsection (c)" is included because, under Section

1226(c), certain criminal aliens are subject to mandatory pre-removal detention:

> The Attorney General shall take into custody any alien who—
> (A) is inadmissible by reason of having committed any offense
> covered in section 1182(a)(2) of this title,
> (B) is deportable by reason of having committed any offense
> covered in section 1227(a)(2)(a)(ii), (A)(iii), (B), (C), or (D) of this
> title,

2

(C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence to a term of imprisonment of at least 1 year, or
(D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
when the alien is released, without regard to whether the alien is release on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

In *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir.2011), the United States Court of Appeals for the Third Circuit established a framework for analyzing the permissibility of pre-removal detention:

[Title 8, United States Code, Section] 1226(c) contains an implicit limitation on reasonableness: the statute authorizes only mandatory detention that is reasonable in length. After that, § 1226(c) yields to the constitutional requirement that there be a further, individualized, inquiry into whether continued detention is necessary to carry out the statute's purpose.... Should the length of [an alien's] detention become unreasonable, the Government must justify its continued authority to detain him at a hearing at which it bears the burden of proof.

656 F.3d at 235. *Diop* did not state a specific length of pre-removal-order detention beyond which a petitioner would be entitled to a bond hearing. *See id.* at 234; *see also Carter v. Aviles,* No. 13–3607, 2014 WL 348257, at *3 (D.N.J. Jan. 30, 2014) ("[T]he Third Circuit has not set a 'universal point' when mandatory detention under § 1226(c) is unreasonable.") (citing *Leslie v. Attorney Gen.,* 678 F.3d 265, 270–71 (3d Cir.2012)); *Barcelona v. Napolitano,* No. 12–7494, 2013 WL 6188478, at *1 (D.N.J. Nov. 26, 2013) ("The Court of Appeals in *Diop* declined to adopt a rule that a hearing was required after a certain fixed amount of time in pre-removal detention.") (citation omitted). Instead, the Third Circuit noted that "[r]easonableness, by its very nature, is a fact-dependent inquiry requiring an assessment of all of the circumstances of a

particular case." *Diop,* 656 F.3d at 234. A reasonableness determination "must take into account a given individual detainee's need for more or less time, as well as the exigencies of a particular case." *Id.* However, "'the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past [certain] thresholds.'" *Chavez–Alvarez v. Warden York Cnty. Prison,* 783 F.3d 469, 474 (3d Cir. 2015) (quoting *Diop,* 656 F.3d at 232, 234). Indeed, in *Chavez–Alvarez,* the Third Circuit noted with respect to the circumstances of that particular case that sometime after six months, and certainly within a year, the burden to the petitioner's liberties would outweigh any justification to detain the petitioner without a bond hearing. *See id.* at 478. In the pre-removal context under *Diop* and *Chavez-Alvarez,* the proper relief is to order a bond hearing before the Immigration Judge, not release the petitioner from immigration detention. *See Morrison v. Elwood*, No. 12-4649, 2013 WL 323340, at *1 (D.N.J. Jan. 28, 2013) ("This Court's power to entertain habeas applications ensues from the narrowly-tailored mandate of 28 U.S.C. § 2241, which – with respect to the claims raised by pre-removal order alien detainee's – allows relief limited to a directive of a bond hearing.") (citing *Diop,* 656 F.3d 221).

Mr. Herrera has been given the only relief that this Court can enter at this time, namely a bond determination by the IJ. Mr. Herrera admits in his habeas petition that an IJ denied him bond on March 24, 2015, and again on September 23, 2015. Mr. Herrera does not allege that the bond denials by the IJ occurred after a hearing that was defective or unfair in any manner. This Court does not have the power to second guess the discretionary decision of the IJ to deny Mr. Herrera's release on bond. *See* 8 U.S.C. 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the

detention or release of any alien, *or the grant, revocation, or denial of bond or parole*.") (emphasis added); *Reeves v. Johnson,* No. 15–1962, 2015 WL 1383942, at *3 (D.N.J. Mar. 24, 2015) (Chesler, J.) ("The present petition might be liberally construed as containing a claim that the IJ erred in finding Petitioner to be a flight risk because he has been a law-abiding citizen for many years after his criminal conviction. This Court, however, does not have jurisdiction over discretionary agency decisions.") (citing *Pisciotta v. Ashcroft,* 311 F. Supp. 2d 445, 454 (D.N.J. 2004) (Greenaway, J.)); *see also Morrison* 2013 WL 323340, at *3; or my own decision in *Harris v. Herrey,* No. 13–4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013) ("If [the detainee] requests, but is wrongfully denied, a bond hearing, he may ask this Court to order that such a hearing be held. After a bona fide bond hearing, the immigration judge might grant, or deny, release on bond. I would not have the power to overrule such a denial of release after a bona fide hearing.") (footnote omitted). Accordingly, the habeas petition will be dismissed at this time as Mr. Herrera has received the relief he would be purportedly due: a bond determination by the IJ.[1]

Mr. Herrera cites to *Zadvydas v. Davis*, 533 U.S. 678 (2001) to support his claim that he should be released from immigration detention. *Zadvydas*, however, interprets 8 U.S.C. § 1231(a)(6), which does not apply in Mr. Herrera's current, pre-removal procedural posture. Section 1231(a)(6) provides as follows:

> An alien ordered removed who is inadmissible under Section 1182
> of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or

---

[1] Mr. Herrera also relies in part on the Second Circuit decision in *Lora v. Shanahan*, 804 F.3d 601 (2d Cir. 2015) in which the Second Circuit adopted a bright-line approach whereby an immigration detainee held pursuant to § 1226(c) must be afforded a bond hearing within six months of his detention. *See Lora*, 804 F.3d at 616. However, *Lora* is not controlling law in this Circuit, and as described above, the Third Circuit has not adopted the Second Circuit's bright line approach. *See Chavez-Alvarez*, 783 F.3d at 474-75. I add, of course, that Mr. Herrera did receive two such bond hearing, one three weeks and the other six months after his initial detention.

> 1227(a)(4) of this title who has been determined by the Attorney
> General to be a risk to the community or unlikely to comply with
> the order of removal, may be detained beyond the removal period,
> and if released, shall be subject to the terms of supervision in
> paragraph (3).

8 U.S.C. § 1231(a)(6). *Zadvydas* holds that Section 1231(a)(6) "limits an alien's *post*-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689 (emphasis added). Six months is a presumptively reasonable period of *post*-removal detention under Section 1231(a)(6). *See Zadvydas*, 533 U.S. at 701.

Mr. Herrera, however, is not in post-removal detention. He has not yet been subjected to an order of removal, and his immigration proceedings are ongoing. Thus, he is still in *pre*-removal immigration detention. Accordingly, his invocation of *Zadvydas* is incorrect, or at least premature, and the habeas petition will be dismissed without prejudice.

## V.    CONCLUSION

For the foregoing reasons, the habeas petition will be summarily dismissed without prejudice. An appropriate order will be entered.


DATED:  January 25, 2016

                                        KEVIN MCNULTY
                                        United States District Judge

6